53 CCPA

**Application of Frank D. REILAND.**
**Patent Appeal No. 7586.**

United States Court of Customs
and Patent Appeals.
Feb. 10, 1966.

Harvey M. Gillespie, Chicago, Ill., James W. Dent, Washington, D. C., Thomas E. Dorn, Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH, and ALMOND, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claim 17, the sole claim remaining in application serial No. 125,538, filed July 20,

1961, for "Method of Placement and Splicing Vertical Reinforcement Bars for Concrete Columns and the Like."

In building poured concrete multi-story structures, columns are poured, one story at a time, around steel reinforcement rods or bars. When the first story is completed, the tops of the rods are left sticking out of the columns and to prepare for the pouring of the second story columns, additional sets of rods must be placed. It is desired to attach one set of rods above another in such manner that upper rods 'rest with their lower ends on the top ends of the rods below so that compressive forces are transmitted directly through the steel, rather than through the concrete alone. This was not a new idea but appellant asserts that he has a new and patentable method for making the rod connections. He also has invented clamp means for effecting the connections, described in the application at bar, but all claims to structure have been divided out into other applications. However, a brief description of his clamp will facilitate an understanding of his method.

The clamp is a sheet-metal sleeve open longitudinally along one side. The marginal portions of the sleeve adjacent the opening are turned outwardly in opposite directions to provide flanges and the opening diverges from top to bottom. A wedge element in the form of a flat plate with upturned edge flanges adapted to grip the flanges on the sleeve is used to close the sleeve, drawing its edges together as it is driven downwardly with a hammer. Two reinforcing rods are approximately lined up, with their previously squared ends abutting, the sleeve being put around the joint, and as the wedge plate is driven into place the sleeve is drawn tightly around the joint, exerting a constricting clamping pressure on the rod ends which will necessarily bring them into alignment.

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

The method is entirely clear from claim 17 which, with element or step numbers added by us, reads as follows:

17. A low cost method of forming in situ steel reinforcement for a concrete column and the like wherein conventionally deformed vertically extending bars are spliced in endwise abutting relation by use of the following steps: [1] forming each splice end of each bar with a flat splice end face perpendicular to the axis of the bar, [2] anchoring a bar by partial embedment in a concrete body with a splice end of the bar projecting upwardly from the said concrete body in a position perpendicular to the horizontal, [3] seating a lower splice end face of an upper bar of substantial length and weight upon the upwardly projecting splice end of the anchored bar, [4] forcing the upper bar in an appropriate lateral direction into axial alignment at its lower splice end with the upwardly projecting splice end of the anchored bar by applying constricting clamping pressure across the abutted ends of both bars; [4a] said constricting clamping pressure serving also to compensate for slight variations in the diameters and the perimeter contours of the abutted bars and thereby tightly grip substantially the entire perimeters of both bars throughout a selected distance traversing their abutted ends to support the upper bar free standing with its lower splice end face in horizontal coplanar contact with the upper splice end face of the anchored bar.

This claim stands rejected as unpatentable in view of the following references, variously applied, either because it reads on one or more of them (35 U.S. C. § 102) or because what it defines would be obvious (35 U.S.C. § 103) in view of what they teach:

| | | |
|---|---|---|
| Schuster | 2,069,280 | Feb. 2, 1937 |
| Schade | 943,469 | Dec. 14, 1909 |
| Faust | 287,651 | Oct. 30, 1883 |
| Bowman | 1,351,366 | Aug. 31, 1920 |
| Canadian patent | 526,409 | June 19, 1956 |

Schuster and Schade both relate to concrete column reinforcements and the interconnection of vertical members with their ends in axial alignment. Faust and Bowman show coupling means for rotating shafts and feeder (trolley) wires respectively. The Canadian patent shows a clamp for reinforcing bars used in pre-stressed concrete. While the board thought it anticipatory, it did not rely on the Canadian patent as the examiner had not relied on it in his answer and we will not discuss it further.

Schade, in particular, shows a sheet-metal clamping device of U-shaped cross-section which surrounds two reinforcing rods at their joint, the ends of the rods being formed with flat faces as in claim step [1], the clamp having holes through which wedge pins are driven transversely to draw the clamp tightly around the rods. It shows the anchoring of bars in concrete as in step [2], the seating of an upper bar on a lower bar as in step [3] and it would force the bars into axial alignment as in step [4]. If that portion of the claim following [4a] can be considered a step or process limitation, then we think it too would be met by Schade. The board felt that claim 17 is anticipated by this reference and we, having considered all of appellant's extensive arguments, see no reason to disagree. But in addition to holding this view, we think the method would be entirely obvious in view of the teachings of the references taken together in various ways, as painstakingly done by the examiner and the board.

Appellant's brief places much emphasis on the fact that his invention is directed to the splicing of "conventionally deformed" reinforcement bars by which it is meant that the bars are provided with surface deformations in the form of shallow ribs by means of which a firmer bond with the concrete is provided. It is argued that "conventionally deformed" appears in the preamble of claim 17 and serves as a qualification of every mention of "bars" thereinafter. Accepting it as a limitation of the claim, arguendo, we are unable to see that it serves patentably to distinguish from Schade, for example, who illustrates his clip as applied to rods which are smooth, albeit they are described as concrete reinforcement rods. It is argued in effect that Schade's clip and wedge pins require the use of smooth bars and would not work with deformed bars. We see no reason why this should be so.

Concededly, Schade's clip and wedges might have to be dimensioned for somewhat greater tolerances to operate successfully with deformed or ribbed bars, but this would not in the least affect the *method* of their operation. It is also argued that Schade's clip has no "constricting" clamping action and that it would not bring the bars into axial alignment. We disagree.

As we view the matter, the *method* is the same whether applied to smooth bars or to "conventionally deformed" bars. The limitation to deformed bars is not an operational limitation. We can see nothing in any of the operational steps recited in the claim in any way related or restricted to the kind of bars to which the method is applied.

The decision of the board is affirmed.

Affirmed.